MEMORANDUM **
Leonard Kalajyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) (No. OS-77277). Kalajyan also petitions for review of the BIA’s denial of his motion to reopen removal proceedings (No. 07-73372). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we review for abuse of discretion the denial of a motion to reopen, Ordonez v. INS, 345 F.3d 777, 782 (9th Cir.2003). We dismiss in part and deny in part the petition for review No. 05-77277. We deny the petition for review No. 07-73372.
With respect to petition for review No. 05-77277, we lack jurisdiction to review the IJ’s determination that Kalajyan failed to timely file his asylum application because the underlying facts are disputed. Cf. Ramadan v. Gonzales, 479 F.3d 646, 650 (9th Cir.2007) (per curiam). Accordingly, we dismiss his contentions regarding his asylum claim.
Substantial evidence supports the IJ’s conclusion that any harm Kalajyan suffered during the two incidents in which his father was arrested did not rise to the level of persecution. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1995). Substantial evidence also supports the IJ’s conclusion that the harm Kalajyan suffered because he was suspected of murder was not on account of a protected ground. See Dinu v. Ashcroft, 372 F.3d 1041, 1044-45 (9th Cir.2004); see also Molina-Morales v. INS, 237 F.3d 1048, 1051-52 (9th Cir.2001) (personal retribution is not persecution on account of a protected ground). Finally, the record does not compel reversal of the agency’s conclusion that a fundamental change in circumstances rebutted the presumption of a clear probability of future persecution. See 8 C.F.R. § 1208.16(b)(l)(i)(A). Accordingly, Kalajyan’s withholding of removal claim fails.
Substantial evidence supports the IJ’s conclusion that mistreatment Kalajyan suffered did not rise to the level of torture, and further, that he has not shown it is more likely than not that he would be tortured if he returned to Armenia. See Kumar v. Gonzales, 444 F.3d 1043, 1055-56 (9th Cir.2006).
With respect to petition for review No. 07-73372, the BIA did not abuse its discretion in denying Kalajyan’s motion to reopen as untimely because it was filed more than one year after the BIA issued its final order, see 8 C.F.R. § 1003.2(c)(2), and Kalajyan failed to demonstrate *535 changed circumstances in Armenia to qualify for the regulatory exception to the time limit for filing motions to reopen, see 8 G.F.R. § 1003.2(c)(3)(ii).
PETITION FOR REVIEW in No. OS-77277 DISMISSED in part; DENIED in part.
PETITION FOR REVIEW in No. 07-73372 DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.